## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR206 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | AMENDED TENTATIVE FINDINGS |
| | ) | |
| JAMES M. WEISS, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 65).  *See* Order on Sentencing Schedule, ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.  The objections are discussed below.

**¶ 39 - Alleged Factual Information**

The Defendant objects to the statement in ¶ 39 that he possessed hundreds of photographs from Walgreens that people did not pick up.  The Defendant was employed at Walgreens.  The objection, which does not affect the sentencing guideline application, is denied for the reasons stated in the Addendum to the PSR.

**¶ 48 - § 2G2.1(b)(5) Enhancement**

The Defendant objects to the 2-level enhancement in ¶ 48 under U.S.S.G. § 2G2.1(b)(5), assessed if the Defendant was a "parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant."  The objection will be heard at sentencing, and the government has the burden by a preponderance of the evidence.

**¶ 83 - Counsel**

The Defendant apparently wished to clarify that his attorney was retained by someone else. That information appears in ¶ 83, and the objection is denied as moot.

**¶ 93 - Fine Range**

Based on the Defendant's objection to the enhancement in ¶ 48, he objects to the fine range set out in ¶ 93. If the Defendant is successful with his objection to ¶ 48, the fine range will be altered accordingly. The objection will be heard, if required, at sentencing.

IT IS ORDERED:

1.     The Defendant's objection to ¶ 39 of the PSR is denied;

2.     The Defendant's objection to ¶ 83 of the PSR is denied as moot;

3.     The Defendant's objections to ¶¶ 48 and 93 will be heard at sentencing;

4.     If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.     Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

2

DATED this 24th day of May, 2012.

BY THE COURT:

s/ Laurie Smith Camp
Chief United States District Judge